**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **YUKSEL CAYIROGLU,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **MARKWAYNE MULLIN,[1]** ) | |
| **SECRETARY, UNITED STATES** ) | |
| **DEPARTMENT OF HOMELAND** ) | |
| **SECURITY; PAM BONDI,** ) | |
| **ATTORNEY GENERAL, UNITED** ) | |
| **STATES DEPARTMENT OF JUSTICE;** ) | |
| **ANDREW S. BOUTROS, UNITED** ) | **Case No. 25 C 11453** |
| **STATES ATTORNEY FOR** ) | |
| **NORTHERN DISTRICT OF ILLINOIS,** ) | |
| **DEPARTMENT OF JUSTICE; JOSEPH** ) | |
| **B. EDLOW, DIRECTOR, UNITED** ) | |
| **STATES CITIZENSHIP AND** ) | |
| **IMMIGRATION SERVICES; and** ) | |
| **DARICE I. ALVERTOS, DIRECTOR,** ) | |
| **CHICAGO ASYLUM OFFICE, UNITED** ) | |
| **STATES CITIZENSHIP AND** ) | |
| **IMMIGRATION SERVICES,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Yuksel Cayiroglu, a citizen of Turkey, filed an I-589 application for asylum in

2021. In 2025, he filed this lawsuit under the Administrative Procedure Act (APA), 5

U.S.C. § 701 *et seq.*, and 28 U.S.C. §§ 1361 and 1651 alleging unreasonable delay in

the scheduling of his asylum interview and adjudication of his application. After

---

[1] The Court substitutes Markwayne Mullin, Secretary of the U.S. Department of
Homeland Security, for former Secretary Kristi Noem. *See* Fed. R. Civ. P. 25(d).

Cayiroglu filed this case, United States Customs and Immigration Services (USCIS) scheduled Cayiroglu for an asylum interview, which took place in January 2026. Defendants have now moved to dismiss the case. For the reasons stated below, the Court grants the defendants' motion.

**Background**

Cayiroglu is a citizen of Turkey who resides in Kansas City, Missouri with his family. He filed an I-589 Application for Asylum and for Withholding of Removal in March 2021. He attended a biometric appointment with USCIS, the agency that oversees affirmative asylum applications, in May 2021. In 2021 and 2022, he inquired about the status of his application with USCIS and his United States Senator's office, and he was told his case remained pending. In July 2025, in response to another inquiry from Cayiroglu, USCIS confirmed that his application remained pending.

In September 2025, Cayiroglu filed this case. He claimed that USICS's delay in completing background checks, scheduling his asylum interview, and adjudicating his asylum application was unreasonable under the APA. *See* 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."). Under the APA and the All Writs Act, he asked the Court to compel USCIS to complete any necessary background checks, schedule his asylum interview within thirty days, and declare that the defendants' delay in scheduling his interview and adjudicating his application is unlawful and unreasonable. Cayiroglu contends that USCIS's delay has harmed him and his family by preventing him from engaging in certain professional activities, preventing travel abroad to see family, hindering decision-

2

making regarding his children's education, and causing psychological distress.

In November 2025, USCIS announced that it had paused decisions on affirmative asylum applications irrespective of the applicant's country of nationality. *See* Dkt. 23-1 (USCIS, PM-602-0192, Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries, at 1 (Dec. 2, 2025)).

In January 2026, USCIS conducted Cayiroglu's asylum interview. His asylum application remains pending.

In February 2026, the defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim.

## Discussion

Federal Rule of Civil Procedure 12(b)(1) permits the dismissal of a complaint over which the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). In evaluating a motion under Rule 12(b)(1), a court must first determine whether the defendants raise a factual or facial challenge to subject matter jurisdiction. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). "A factual challenge contends that 'there is *in fact* no subject matter jurisdiction,' even if the pleadings are formally sufficient." *Id.* (quoting *Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009)). "In contrast, a facial challenge argues that the plaintiff has not sufficiently '*alleged* a basis of subject matter jurisdiction.'" *Id.* (quoting *Apex Dig.*, 572 F.3d at 443).

The government contends that the Court lacks jurisdiction over Cayiroglu's claims due to a jurisdiction-stripping provision of the Immigration and Nationality Act

3

(INA).  This is a facial challenge, as it has no relation to the sufficiency of Cayiroglu's allegations.  *See id.*

Courts adjudicating facial challenges to subject matter jurisdiction "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff."  *Id.*  The plaintiff, "[a]s the party invoking federal jurisdiction," carries the burden of establishing that the court has jurisdiction.  *See id.*

Under the APA, courts may "compel agency action unlawfully withheld or unreasonably delayed[,]"  5 U.S.C. § 706(1), except to the extent that "statutes preclude judicial review[.]"  5 U.S.C. § 701(a)(1).  Although there is a "presumption favoring judicial review of administrative action[,]" *Kucana v. Holder*, 558 U.S. 233, 251 (2010), that presumption can be overcome with "clear and convincing evidence" of congressional intent to preclude judicial review.  *Id.* at 252 (quoting *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 64 (1993)).

Under the INA, a foreign national "who is physically present in the United States . . . may apply for asylum[.]"  8 U.S.C. § 1158(a)(1).  The applicable statute states that

> The Secretary of Homeland Security or the Attorney General may grant asylum to an alien who has applied for asylum in accordance with the requirements and procedures established by the Secretary of Homeland Security or the Attorney General under this section if the Secretary of Homeland Security or the Attorney General determines that such alien is a refugee within the meaning of section 1101(a)(42)(A) of this title.

8 U.S.C. § 1158(b)(1)(A).

The defendants contend that the court lacks jurisdiction over claims related to Cayiroglu's asylum application because of the following provision of the INA:

> (B) Denials of discretionary relief - Notwithstanding any other provision of law . . . no court shall have jurisdiction to review— . . . (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in

the discretion of the Attorney General or the Secretary of Homeland
Security, other than the granting of relief under section 1158(a) of this
title.

8 U.S.C. § 1252(a)(2)(B)(ii).  This provision bars judicial review of decisions by the

Attorney General or Secretary of Homeland Security exercising discretion specified

under Subchapter II of Chapter 12 of Title 8 of the United States Code.  *Kucana*, 558

U.S. at 239 n.3 ("'[T]his subchapter' refers to Title 8, Chapter 12, Subchapter II, of the

United States Code, codified at 8 U.S.C. §§ 1151–1381 and titled 'Immigration.'"

(quoting 8 U.S.C. § 1252(a)(2)(B)(ii)).

Section 1158, the asylum provision of the INA, falls within Subchapter II of

Chapter 12 of Title 8.  *See id.*  And Cayiroglu's claims plainly do not challenge a grant of

relief under section 1158(a).  But the Court must determine two contested questions:  1)

whether section 1158 grants the Secretary discretion, and 2) whether the delay in

adjudicating Cayiroglu's asylum application constitutes a "decision or action of the

Attorney General or the Secretary of Homeland Security[.]"  8 U.S.C. § 1252(a)(2)(B)(ii).

First, the language of section 1158 grants the Secretary discretion in adjudicating

asylum applications.  Section 1158(b)(1)(A) states that the Secretary or Attorney

General "may grant asylum" if she "determines that such alien is a refugee within the

meaning of section 1101(a)(42)(A) of the" INA.  8 U.S.C. § 1158(b)(1)(A).  The Supreme

Court has "'repeatedly observed' [that] 'the word "may" *clearly* connotes discretion.'"

*Bouarfa v. Mayorkas*, 604 U.S. 6, 14 (2024) (quoting *Biden v. Texas*, 597 U.S. 785, 802

(2022)).  Other asylum provisions of the INA speak in mandatory language, employing

the term "shall" to describe the timeline for adjudication of asylum applications:

> (ii) in the absence of exceptional circumstances, the initial interview or
> hearing on the asylum application shall commence not later than 45 days
> after the date an application is filed; (iii) in the absence of exceptional

circumstances, final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed[.]

8 U.S.C. § 1158(d)(5)(A)(ii)-(iii); *see Bufkin v. Collins*, 604 U.S. 369, 379 (2025) ("'Shall' means 'must.'" (quoting *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 171–72 (2016)). But even this section preserves discretion by permitting the Secretary to take longer than the specified time periods to adjudicate asylum applications in "exceptional circumstances[.]" 8 U.S.C. § 1158(d)(5)(A). This has become the norm in today's immigration system.

Cayiroglu asserts that the INA does not specifically state that USCIS has discretion to adjudicate an asylum application for an indefinite period. It is true that the INA does not use the word "discretion" or similar terminology. But Congress conferred discretion to USCIS through the language "may grant asylum[,]" 8 U.S.C. § 1158(b)(1)(A), and by specifying that its preferred timelines for adjudication do not apply in "exceptional circumstances[.]" *See* 8 U.S.C. § (d)(5)(A)(ii)-(iii). Nowhere did Congress impose penalties for lengthy adjudication. Rather, it specified that it did not create "legally enforceable" rights in section 1158(d), which includes the enumerated timeframes. *See* 8 U.S.C. § 1158(d)(7).[2]

Second, as many courts—including the Seventh Circuit—have concluded, the pace of adjudication of an immigration application implicates a "decision or action of the

---

[2] No court has recognized a right to an asylum decision within 180 days of filing an application given section 1158(d)(7), which provides that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1158(d)(7); *see Fangfang Xu v. Cissna*, 434 F. Supp. 3d 43, 51–52 (S.D.N.Y. 2020) (holding that section 1252(a)(2)(B)(ii) does not bar jurisdiction over APA claims for unreasonable delay in adjudication of asylum applications but section 1158(d)(7) precludes a claim for a decision in 180 days).

Attorney General or the Secretary of Homeland Security[.]"  8 U.S.C. § 1252(a)(2)(B)(ii). Reading the term "action" to include "inaction"—as defendants effectively argue— seems incongruous.  But in *Soni v. Jaddou*, 103 F.4th 1271 (7th Cir. 2024), *reh'g denied*, No. 23-3220, 2024 WL 3683115 (7th Cir. Aug. 6, 2024), the Seventh Circuit interpreted favorably to the government similar language in another provision of the INA:  "[n]o court shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause."  *Id.* at 1272 (quoting 8 U.S.C. § 1182(a)(9)(B)(v)).  In *Soni*, the court agreed with the plaintiff that an unreasonable delay in adjudication of an immigration application was not itself a "decision."  *See id.* at 1272–73.  But it held that "[s]etting priorities—for example, how many employees to assign to processing applications under this clause, as opposed to handling other duties—is an 'action regarding' waivers."  *Id.* at 1273.  Accordingly, section 1182(a)(9)(B)(v) barred Soni's claim.  *See id.*  "Though *Soni* dealt with 8 U.S.C. § 1182(a)(9)(B)(v) not § 1252(a)(2)(B)(ii), the Court of Appeals emphasized language found in both statutes in reaching its decision."  *Lobatos v. Noem*, No. 25 C 01223, 2025 WL 1651220, at *5 (N.D. Ill. June 11, 2025) (describing *Soni* as "stress[ing] that an 'action' can mean delay[] in adjudicating one's application" (quoting *Soni*, 103 F.4th at 1273)).

The Supreme Court has also broadly construed the term "any" in section 1252(a)(2)(B)(i), which prohibits review of "any judgment regarding the granting of relief under" specific sections of the INA and directly precedes the bar at issue in this case.  8 U.S.C. § 1252(a)(2)(B)(i); *see Patel v. Garland*, 596 U.S. 328, 338–39 (2022) (holding that the terms "any" and "regarding" in section 1252(a)(2)(B)(i) resulted in a "broad[]"

and "expansive" jurisdictional bar (quoting *Babb v. Wilkie*, 589 U.S. 399, 405 n.2 (2020) and *Lamar, Archer & Cofrin, Llp v. Appling*, 584 U.S. 709, 717 (2018))). The language at issue in this case, "any other decision or action of the Attorney General or the Secretary of Homeland Security[,]" 8 U.S.C. § 1252(a)(2)(B)(ii), does not include the term "regarding," which carried weight in both *Patel* and *Soni*. *See Patel*, 596 U.S. at 338–39; *Soni*, 103 F.4th at 1273. But like section 1252(a)(2)(B)(i), section 1252(a)(2)(B)(ii) begins with the term "any" and thus reflects an intent to cover a broad swath of discretionary actions and decisions. And *Soni* compels the Court to read the phrase "decision or action" to cover the agency's resource allocation, which inevitably affects the pace of adjudications. *Soni*, 103 F.4th at 1273. Given that section 1252(a)(2)(B)(ii) expressly allows judicial review of "the granting of relief under section 1158(a)[,]" a broad construction of the prohibition on review of "any *other* decision or action" is logical. 8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added).

"[N]umerous federal appeals courts have interpreted § 1252(a)(2)(B)(ii) as precluding judicial review not just of the Executive Branch's discretionary decision, but of the process and timing underlying that decision, too[.]" *Garcia v. USCIS*, 760 F. Supp. 3d 671, 673 (N.D. Ill. 2024). For example, the Fifth Circuit interpreted section 1252(a)(2)(B)(ii) to bar review of "not only the ultimate *decision* to adjust an applicant's immigration status but also actions taken in the course of the decision-making *process*—including the pace at which that process is undertaken—to the discretion of the Attorney General[.]" *Cheejati v. Blinken*, 106 F.4th 388, 394 (5th Cir. 2024).[3] Many

---

[3] *See also, e.g., Thigulla v. Jaddou*, 94 F.4th 770, 775 (8th Cir. 2024) ("[Section] 1252(a)(2)(B)(ii) bars this court's jurisdiction to review the decision to delay adjudicating the status adjustment application . . . if that decision is specified under Subchapter II to

courts in this district have similarly held that section 1252(a)(2)(B)(ii) bars claims of unreasonable delay in the adjudication of immigration benefits. *See, e.g.*, *Lobatos*, 2025 WL 1651220, at *5; *Patel v. Noem*, 788 F. Supp. 3d 950, 955 (N.D. Ill. 2025) (collecting cases); *Nayi v. Noem*, 799 F. Supp. 3d 739, 746 (N.D. Ill. 2025). As best as the Court can determine, no court in this district has decided the specific question in this case—whether section 1252(a)(2)(B)(ii) bars claims of unreasonable delay in adjudicating an asylum application—but the weight of authority interpreting section 1252(a)(2)(B)(ii) in the manner argued by defendants here is overwhelming.

Cayiroglu contends that the APA nevertheless allows courts to "compel agency action unlawfully withheld or unreasonably delayed[.]" 5 U.S.C. § 706(1). But the APA does not apply when "statutes preclude judicial review" or when "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a); *see Soni*, 103 F.4th at 1273. That, as the Court has concluded, is the case here.

Cayiroglu also points out that the Seventh Circuit has interpreted the phrase "decision or action" in 8 U.S.C. § 1252(a)(2)(B)(i), holding that this provision "only bars review of actual discretionary decisions to grant or deny relief under the enumerated

---

be in the discretion of the Attorney General."); *Geda v. Dir. of USCIS*, 126 F.4th 835, 844 (3d Cir. 2025) ("[W]e lack jurisdiction to review both the decision to put the Gedas' [adjustment of status] applications on hold *and* the 'inextricably intertwined' process 'prescribed' by the Secretary for reaching that decision."); *Kale v. Alfonso-Royals*, 139 F.4th 329, 336 (4th Cir. 2025) (holding that section 1252(a)(2)(B)(ii) barred jurisdiction over challenge to USCIS "procedures for adjudicating adjustment of status applications"); *Kanapuram v. Dir., USCIS*, 131 F.4th 1302, 1306–07 & n.2 (11th Cir. 2025) (joining the consensus of other circuits and noting that no circuit has held otherwise). Several district courts outside this circuit have held that section 1252(a)(2)(B)(ii) bars claims for unreasonable delay related to asylum applications. *See, e.g.*, *Daniel v. Mayorkas*, No. 20 C 01099, 2021 WL 4355355, at *3 (E.D. Va. Sept. 23, 2021) (collecting cases).

sections[.]" *Iddir v. I.N.S.*, 301 F.3d 492, 497 (7th Cir. 2002). But *Iddir* is not dispositive. First, it concerned a non-discretionary decision, the denial of diversity visa applications after the expiration of a statutory time limit. *Id.* at 493–95; *see Jarrar v. Noem*, No. 25 C 5216, 2025 WL 3653700, at *2 (N.D. Ill. Dec. 16, 2025) (distinguishing *Iddir* on this basis). By contrast, section 1158(b)(1)(A) confers discretion on the Secretary and the Attorney General, as the Court has discussed. Additionally, *Iddir* was decided over twenty years before *Soni* and *Patel*, and it contradicts the recent, unanimous consensus of five other circuits in interpreting section 1252(a)(2)(B)(ii) to bar judicial review of an agency's delay. *See supra* note 2.[4]

### Conclusion

The Court substitutes Markwayne Mullin, Secretary of the U.S. Department of Homeland Security, as defendant in place of former Secretary Kristi Noem under Federal Rule of Procedure 25(d). For the reasons stated above, the Court grants the defendant's motion to dismiss for lack of subject matter jurisdiction [dkt. 20]. The Court directs the Clerk to enter judgment stating: This case is dismissed for lack of subject matter jurisdiction.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 28, 2026

---

[4] Because the Court holds that it lacks jurisdiction due to section 1252(a)(2)(B)(ii), it need not address the defendants' arguments that Cayiroglu's claims are moot or that Cayiroglu has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6).

10